## LAUTH v. PICKUP.
### No. 310.

Circuit Court of Appeals, Second Circuit.
April 3, 1933.

Richard J. Stull, of New York City, for appellant.

Isidor Neuwirth, of Brooklyn, N. Y., for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The question presented by this appeal lies within very narrow limits. The action was for conversion, and the complaint was dismissed because the District Judge was of opinion that the plaintiff had not proved his ownership of the chattels in question. All that need be now decided is whether there was enough evidence for submission to the jury on the issue of the plaintiff's title.

The plaintiff asserted ownership to certain machinery which he claimed he had purchased from Duplex Motion Picture Industries, Inc., a corporation, in January 1928. He had not, however, removed the machinery from the building of the corporation, and it was still there in 1931 when the defendant was appointed receiver of the corporation in a proceeding brought in the state court under a statute known as the Martin Act (General Business Law N. Y. [Consol. Laws N. Y. c. 20] § 352 et seq.). Without making the plaintiff a party to the receivership proceeding and in disregard of the plaintiff's demand that the machinery be turned over to him, the receiver proceeded to sell it. Thereupon the present action was brought against the defendant individually and as receiver. He obtained a dismissal of the complaint against him in his representative capacity as receiver, and the case proceeded to trial against him individually.

The plaintiff's own testimony in support of his title amounted to little. He was evidently old and feeble and understood little about the case. But there was produced on his behalf a bill of sale purporting to convey the machinery to him and to have been executed on behalf of the corporation by its president and secretary. Their signatures were identified by an employee of the corporation and by witness Hibbard, who held the office of the secretary at the date of the instrument, and was the father of the president. He testified that the corporation had sold the machinery to Mr. Lauth for $4,250, that the sale was authorized at one meeting of the directors and ratified at a subsequent meeting, and that he had seen the president pay over to the bookkeeper said sum of money. The defendant attacked the authenticity of the bill of sale. It purported to have been acknowledged before a notary public, who was dead at the time of trial. An expert witness expressed the opinion that the signature of the notary was a forgery, and witness Hibbard admitted that he had not seen the notary sign it. There was also testimony that for three years after the date of the bill of sale the corporation had paid rent for the machinery in question to a Mrs. Nields, who was a niece of the plaintiff and, during part of the period mentioned, assistant secretary-treasurer of the corporation. This evidence, which was supported by a document executed in June, 1929, and purporting to be a one-year lease of the machinery from her to the corporation, tended to show that the title was in her. The plaintiff had testified that when he purchased the machinery he had given his money to Mrs. Nields, although her father said he saw him give it to the president of the corporation in her presence. Although several of the plaintiff's witnesses had seen Mrs. Nields recently, none knew where she could be located, and she was not produced as a witness. Neither was the president.

It is evident from the opinion which the District Judge rendered when he granted the motion to dismiss that he was suspicious

of the plaintiff's case because of the failure to produce these witnesses and because no effort had been made to obtain the machinery by intervening in the receivership proceedings. However persuasive these circumstances might be had the case been tried to the court alone, they cannot, in our opinion, justify taking it from the jury. There was direct testimony of witness Hibbard that the corporation had sold the machinery to the plaintiff by the bill of sale in evidence. It is urged that the authenticity of the bill of sale was impugned and that Hibbard's testimony is unworthy of belief; but the credibility of witnesses and the weight of the evidence are for the jury. It may very well be that the jury would have reached the same conclusion as the court, but the question of title was an issue the plaintiff was entitled to have submitted to them.

Judgment reversed, and cause remanded for a new trial.